

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 26, 1993

Mr. Fred Toler
Executive Director
Texas Commission on Law Enforcement
  Officer Standards and Education
1033 La Posada, Suite 240
Austin, Texas 78752

Opinion No. DM-210

Re: Construction of section 415.058 of the Government Code, addressing the effect of a felony conviction on the licensure of a law enforcement officer (RQ-207)

Dear Mr. Toler:

On behalf of the Commission on Law Enforcement Officer Standards and Education (the commission), you have asked us to construe section 415.058 of the Government Code. Section 415.058 provides as follows:

> (a) A person who has been convicted of a felony is disqualified to be an officer or county jailer. The commission may not license such a person and shall on conviction of a felony immediately revoke the license of a person previously licensed.

> (b) For the purposes of this section, a person is convicted of a felony if a court of competent jurisdiction enters an adjudication of guilt against the person on a felony offense under the laws of this or another state or the United States, regardless of whether:

> (1) the sentence is subsequently probated and the person is discharged from probation;

> (2) the accusation, complaint, information, or indictment against the person is dismissed and the person is released from all penalties and disabilities resulting from the offense; or

> (3) the person is pardoned for the offense, unless the pardon is granted expressly for subsequent proof of innocence.

You state that the commission has interpreted section 415.058 to require it to revoke an officer's or county jailer's license when the licensee has been convicted of a felony, or to deny a license to an applicant who has been convicted of a felony. You list three circumstances in which the commission believes section 415.058 requires it to revoke or deny a license:

(1) when the individual is convicted as per the judgment and then released from probation and a new trial granted and the judgment of conviction is set aside;

(2) when the individual is convicted as per the judgment and then released from probation and the court allows the person to withdraw his or her plea of guilty, the indictment against the defendant is dismissed and the judgment of conviction is set aside; or

(3) when the individual's conviction is dismissed and he or she is released from all penalties.

You first ask whether the commission correctly has interpreted section 415.058 to apply in these three circumstances. You also ask whether section 415.058 requires the commission to revoke or deny a license if the convicted person is pursuing a direct appeal through the courts. If so, you ask whether the commission may license or relicense the person to serve as an officer or county jailer if the appeal is successful.

The legislature codified section 415.058 of the Government Code in 1987. *See* Acts 1987, 70th Leg., ch. 147, § 1, at 391. The legislature amended the predecessor statute to section 415.058, V.T.C.S. article 4413(29aa), § 8A, in 1983. *See* Acts 1983, 68th Leg., ch. 479, § 3, at 2809-10. Prior to its 1983 amendment, section 8A of article 4413(29aa), V.T.C.S., provided as follows:

(a) No person who has been convicted of a felony under the laws of this state, another state, or the United States may be licensed by the Commission as qualified to be a peace officer, jailer or guard at a county jail, or reserve law enforcement officer.

(b) Final conviction of a felony under the laws of this state, another state, or the United States disqualifies a person previously licensed by the Commission to be a peace officer, jailer or guard at a county jail, or reserve law enforcement officer, and the Commission shall immediately revoke the license of a person so convicted.

(c) Subsection (a) of this section does not apply to a person if the person has been placed on probation pursuant to the deferred adjudication provision of Subsection (a), Section 3d, Code of Criminal Procedure, 1965.

In 1983 the legislature deleted the requirement in subsection (b) that the conviction be "final," and amended subsection (c) to read substantially as section 415.058(b) of the Government Code presently reads. *See* Acts 1983, 68th Leg., ch. 479, § 3, at 2809-10. Because the legislature intended the 1987 codification of V.T.C.S. article 4413(29aa), section 8A to be nonsubstantive (*see* Acts 1987, 70th Leg., ch. 147, at 316), we will refer

to the statute as it existed from the time of the 1983 amendments to the time of the 1987 codification as section 415.058 of the Government Code.

The 1983 amendments to V.T.C.S. article 4413(29aa), section 8A were prompted by a decision the Texas Court Of Appeals issued on January 26, 1983, *Thompson v. Texas Commission on Law Enforcement Officer Standards and Education. See* Hearings on S.B. 155 Before the Senate Comm. on Intergovernmental Relations, 68th Leg. (Feb. 8, 1983) (testimony of Senator McFarland, author) (tape available from Senate Staff Services). In *Thompson* the court of appeals considered whether the existing version of article 4413(29aa), section 8A(b), (c), V.T.C.S., authorized the commission to revoke the license of a peace officer who once had been convicted of arson, but whose sentence had been probated. *Thompson v. Texas Comm'n on Law Enforcement Officer Standards and Educ.*, No. 13,526, slip op. at 1 (Tex. App.--Austin 1983). In addition to probating the defendant's sentence, the trial court that had found the defendant guilty of arson dismissed the charging indictment and released the defendant from all penalties and disabilities resulting from the crime. *Id.* at 2. Subsequently, in response to the defendant's motion for a new trial, the court set aside the previous conviction and substituted a judgment of acquittal based on newly discovered evidence. *Id.* The defendant later became licensed as a peace officer. *Id.*

Upon learning that the licensee once had been convicted of arson, the commission revoked his license. *Id.* at 3. The former licensee filed a legal action against the commission and later appealed the trial court's decision in favor of the commission. The court of appeals found that when a court has discharged a convicted criminal defendant and dismissed the indictment against the defendant, article 42.12(7) of the Code of Criminal Procedure required the defendant to be released from "all penalties and disabilities resulting from the" conviction.[1] *Id.* at 4. The *Thompson* court felt that the

---

[1]At the time the court of appeals issued its ruling in *Thompson*, article 42.12, section 7 of the Code of Criminal Procedure provided as follows:

> At any time, after the defendant has satisfactorily completed one-third of the original probationary period or two years of probation, whichever is the lesser, the period of probation may be reduced or terminated by the court. Upon the satisfactory fulfillment of the conditions of probation, and the expiration of the period of probation, the court, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the probation period and shall discharge the defendant. In case the defendant has been convicted or has entered a plea of guilty or a plea of nolo contendere, ... and the court has discharged the defendant hereunder, such court may set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty, except that proof of his said conviction or plea of guilty shall be made known to the court should the defendant again be convicted of any criminal offense.

denial or revocation of a peace officer's license constitutes a "penalty" and "disability" within the context of article 42.12(7) of the Code of Criminal Procedure. *Id.* The court held, therefore, that the plaintiff's past conviction could not automatically bar his service as a peace officer, nor could it serve as the commission's sole basis for revoking the plaintiff's license. *Id.* at 5. Consequently, the *Thompson* court remanded the case to the district court and instructed the district court to order the commission to reconsider the revocation. *Id.*

In a public hearing on Senate Bill 155, which proposed, among other things, the above-mentioned amendments to V.T.C.S. article 4413(29aa), section 8A, the bill's author, Senator McFarland, made the purpose of the proposed amendments clear: a person who has been convicted of a felony should be ineligible to serve as a police officer in the state of Texas, even if that person's sentence was probated.[2] *See* Hearings on S.B. 155 Before the Senate Comm. on Intergovernmental Relations, 68th Leg. (Feb. 8, 1983) (testimony of Senator McFarland, author) (tape available from Senate Staff Services). The 1983 amendments, therefore, narrowed the circumstances under which a convicted felon might obtain or regain a license to serve as an officer or county jailer. Among the circumstances listed in section 415.058(b) of the Government Code, the commission may license or relicense a person convicted of a felony to serve as an officer or county jailer only if the person is pardoned explicitly for subsequent proof of innocence.[3] *See generally Dixon v. McMullen*, 527 F. Supp. 711 (N.D. Tex. 1981); Attorney General Opinion MW-270 (1980).

We were unable to find any evidence that the legislature, when it considered Senate Bill 155, contemplated any of the situations about which you inquire, including the direct appeal of a conviction. We note, however, that, with the exception of a pardon

---

(footnote continued)

Since the court of appeals issued its opinion in *Thompson*, the legislature has amended article 42.12, section 7 twice. *See* Acts 1989, 71st Leg., ch. 679, § 2, at 3166; Acts 1983, 68th Leg., ch. 303, § 12, at 1591-92. The legislature renumbered section 7 in 1989; presently, the material that was located in article 42.12, section 7 of the Code of Criminal Procedure is located at article 42.12, section 23 of the Code of Criminal Procedure. *See* Acts 1989, 71st Leg., ch. 785, § 4.17, at 3502, 3516.

[2]The legislature designed article 4413(29aa), section 8A(c)(2), V.T.C.S. (now Government Code section 415.058(b)(2)) specifically to respond to the court of appeals' decision in *Thompson v. Texas Comm'n on Law Enforcement Officer Standards and Educ.*, No. 13,526, slip op. (Tex. App.–Austin 1983).

[3]We note that Senator McFarland specifically testified that section 415.058(b) of the Government Code does not require the commission to revoke or deny a license if the person's adjudication is deferred because in such a case no court has made an adjudication of guilt. *See* Hearings on S.B. 155 Before the Senate Comm. on Intergovernmental Relations, 68th Leg. (Feb. 8, 1983) (testimony of Senator McFarland, author) (tape available from Senate Staff Services); *see also* 35 D. BROOKS, COUNTY AND SPECIAL DISTRICT LAW § 20.20, at 707 (Texas Practice 1989).

granted expressly for subsequent proof of innocence, the circumstances articulated in section 415.058(b) do not involve the setting aside or dismissal of a person's conviction; instead, the conviction remains standing, despite probation of the sentence, dismissal of the indictment, the discharge of all penalties and disabilities resulting from the offense, or pardon. *See* Hearings on S.B. 155 Before the Senate Comm. on Intergovernmental Relations, 68th Leg. (Feb. 8, 1983) (testimony of Alfredo Villareal, witness) (tape available from Senate Staff Services) (stating that, even if all of circumstances listed in section 415.058(b)(2) transpire, conviction remains standing); *see also Dixon v. McMullen*, 527 F. Supp. 711, 718 (N.D. Tex. 1981) (stating that pardon granted for grounds other than subsequent proof of innocence does not eradicate final conviction and implies guilt); *Watkins v. State*, 572 S.W.2d 339, 341-42 (Tex. Crim. App. 1978) (same); Attorney General Opinion MW-270 (1980) at 1 (quoting *Jones v. State*, 147 S.W.2d 508, 510 (Tex. Crim. App. 1941) (same). We believe, therefore, that section 415.058(b) distinguishes between situations in which a person's conviction is, in effect, erased and circumstances in which the person's conviction remains. In sum, section 415.058 requires the commission to deny a license to or revoke the license of a person who has been convicted of a felony, except that the person once again is qualified to be licensed to serve as an officer or county jailer if the person is pardoned expressly for subsequent proof of innocence, if the person subsequently proves his or her innocence in a court of law, or if a court sets aside or dismisses the person's conviction.

Using this analysis, we consider the specific circumstances about which you inquire. You first ask whether the commission must deny a license to or revoke the license of a person who is convicted, released from probation, granted a new trial, and has the judgment of conviction set aside. Once a court sets aside a person's conviction, that person is once again qualified to serve as an officer or county jailer. Additionally, rule 32 of the Texas Rules of Appellate Procedure provides that when a court grants a criminal defendant's motion for a new trial, the case reverts to its position before the former trial took place. The rule further provides that "the prior conviction shall not be regarded as a presumption of guilt." In other words, the granting of a new trial and the setting aside of a conviction restore an accused person to the status he or she enjoyed prior to conviction. We believe this should apply with equal force to the accused person's status before the commission. Consequently, the commission may license or relicense a person who has been convicted, released from probation, granted a new trial, and has had the judgment of conviction set aside.

Second, you ask whether the commission must deny a license to or revoke the license of a person who has been convicted, released from probation, allowed to withdraw his or her guilty plea, had the indictment against the person dismissed, and has the conviction set aside. When a court sets aside a person's conviction, that person once again is qualified to serve as an officer or county jailer under section 415.058 of the Government Code. Thus, the commission may license or relicense a person who has been convicted, released from probation, allowed to withdraw his or her guilty plea, had the indictment dismissed, and had the conviction set aside.

Third, you ask whether the commission must deny a license to or revoke the license of a person whose conviction has been dismissed and who has been released from all penalties. Once again, when a court sets aside a conviction, the person reverts to the status he or she enjoyed prior to conviction. Thus, the commission may license or relicense a person if a court has set aside the conviction and released the person from all penalties.

Finally, you ask whether a person who has been convicted but who has filed a direct appeal is qualified to serve as an officer or county jailer. In this regard, we note that the legislature's 1983 amendment of V.T.C.S. article 4413(29aa), section 8A deleted the requirement that the conviction be "final." By doing so, we believe that the legislature removed any requirement that a person exhaust all possible appeals of a conviction before the commission may deny or revoke the person's license solely because of the conviction. In answer to your final question, therefore, section 415.058 of the Government Code authorizes the commission to deny or revoke a license even though the applicant or licensee is pursuing a direct appeal of the conviction. In accordance with our conclusion above, if the applicant or former licensee succeeds on appeal and subsequently is acquitted by a court of law or has the conviction set aside, the commission may license or relicense the person.

## S U M M A R Y

Under section 415.058 of the Government Code, a person is disqualified from serving as an officer or county jailer if the person is convicted of a felony. Such a person is once again qualified to hold a license to serve as an officer or county jailer if the person subsequently is pardoned expressly for proof of innocence, if the person subsequently is acquitted in a court of law, or if a court sets aside or dismisses the conviction.

If a person is convicted of a felony, that person is disqualified to serve as an officer or county jailer even though he or she is appealing the decision. If the person succeeds on the appeal, however, and the court subsequently acquits the person or sets aside the person's conviction, the person is once again qualified to serve as an officer or county jailer.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General